IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  12-cv-01384-LTB

LISA WATERS, an individual,

        Plaintiff,

v.

AXL CHARTER SCHOOL, a Colorado non-profit public charter school,

        Defendant.

_____

ORDER
_____

This matter is before me on a Motion to Dismiss and For Summary Judgment filed by

Defendant, AXL (Academy) Charter School, seeking dismissal of the claims filed against it by

its former employee, Plaintiff Lisa Waters. **[Doc # 5]**  Oral argument would not materially assist

me in the determination of this motion.  After consideration of the parties' briefs, and for the

reasons stated below, I GRANT IN PART and DENY IN PART the motion as follows.

## I.  FACTS

Plaintiff was employed for three years as a teacher at AXL.  Her first year – the 2008/09

school year – she taught first grade to a class of girl students.  The second year – the 2009/10

school year – she taught 2nd grade to those same girls in a practice called "looping."  Plaintiff

was then hired as a 1st grade teacher in a girls' class for the 2010/11 school year.

In July 2010, Plaintiff informed Ms. Tammi Avila – the newly-hired Director of

Curriculum & Instruction at AXL – and Dr. Audra Phillippon – the Head of School at AXL –

that she was pregnant and was expecting to give birth in late January or early February 2011.

She requested maternity leave commencing on January 24th and ending on March 18th of 2011. This leave was approved.

Plaintiff asserts that after school started, but prior to her maternity leave, Ms. Avila subjected Plaintiff to frequent and unannounced classroom visits, and her instructional methods were "aggressively questioned." In addition, AXL required her to reschedule doctor appointments related to her pregnancy with little or no notice, and it failed to fully accommodate her requests for more frequent bathroom breaks and for coverage of some of her recess periods. Then, while on maternity leave, Plaintiff asserts that because of its failure to adequately plan, AXL frequently contacted her to assist her substitute. And, after returning to work, AXL failed to provide the necessary employee resources so that Plaintiff could complete her daily breast pumping. In addition, Ms. Avila provided Plaintiff with negative criticism as to her teaching activities and curriculum reviews.

It is undisputed that two weeks after Plaintiff returned to work – on or about April 4, 2011 – Dr. Phillippon informed Plaintiff that she would not be offered a contract to teach either 1st or 2nd grade girls for the 2011/12 school year. Plaintiff asserts that although Dr. Phillippon commented at that time that the 3rd grade boys position was open, and that she "may consider" giving it to Plaintiff, AXL never offered her that position. In contrast, AXL provides an affidavit from Dr. Phillippon who avers that Plaintiff was offered the 3rd grade boy position, several times, but that Plaintiff refused. Plaintiff further asserts that from April 4, 2011, through her last day of employment at AXL on June 26, 2011, her supervisors "hawked, hounded, criticized, questioned and harassed her regarding her teaching performance." [Doc # 1, ¶19-45]

Plaintiff subsequently filed this lawsuit against AXL raising claims of Sex Discrimination in violation of Title VII ("Title VII") – 42 U.S.C. §2000e *et. seq.* (First Claim for Relief) – and in violation of the Colorado Anti-Discrimination Act – Colo. Rev. Stat. 24-34-402 (Second Claim for Relief).  She also asserts that AXL violated the Family and Medical Leave Act ("FMLA")  – 29 U.S.C. § 2601, *et. seq.* by Interference (Third Claim for Relief) and Retaliation (Fourth Claim for Relief).  Finally, she asserts state law claims of violation for Colorado's Workplace Accommodations for Nursing Mothers Act ("WANMA") – Colo. Rev. Stat. § 8-13.5-101, *et seq.* (Fifth Claim for Relief) – and Wrongful Discharge (Sixth Claim for Relief).  In this motion, AXL "moves to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), and for summary judgment pursuant to Rule 56, F.R.C.P." as to all of Plaintiff's claims and, in turn, contends that this case should be dismissed.

## II.  DISCRIMINATION CLAIMS

In her complaint, Plaintiff first asserts that she was discriminated against by AXL on the basis of her gender – under both Title VII and the CADA – in the way she was treated after she became pregnant, during her maternity leave, and its failure to renew her teaching contract.

Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on the basis of sex. *See* 42 U.S.C. § 2000e–2(a)(1).  In 1978, Congress amended Title VII's definition of what constituted discrimination "on the basis of sex" to include discrimination "on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k).  Plaintiff's claim here is that she was subjected to gender discrimination when her contract was not renewed "based upon . . . her pregnancy, the birth of her child, and medical conditions related to her

pregnancy and childbirth."

"[A] pregnancy discrimination claim is analyzed the same as other Title VII claims." *Been v. New Mexico Dept. of Information Technology,* 815 F.Supp.2d 1222, 1235 (D.N.M. 2011)(*citing Atchley v. Nordam Group. Inc.*, 180 F.3d 1143, 1148 (10th Cir. 1999)).  Under both Title VII and the CADA, the *McDonnell-Douglas* burden-shifting test applies to discrimination claims based on non-direct or circumstantial evidence.  *Garrett v. Hewlett–Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002)(*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); *see also Lawley v. Dep't of Higher Educ.*, 36 P.3d 1239, 1247 (Colo. 2001)(the *prima facie* standard for a discrimination claim under the CADA is the same as Title VII).  A plaintiff must first establish a *prima facie* case of employment discrimination.  If she makes out a *prima facie* case, the burden shifts to the defendant to come forward with a legitimate, non-discriminatory basis for its employment decision.  If the defendant does so, the inference of discrimination drops out and the burden shifts back to the plaintiff to show her gender was a determinative factor in the employment decision or that the defendant's non-discriminatory reason was merely pretext.  *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000).

In its Motion to Dismiss and For Summary Judgment, AXL asserts that Plaintiff's "claims are untenable in fact and law" and therefore contends that her "case should be dismissed in its entirety."  I first note that this motion was filed before AXL filed its answer to Plaintiff's complaint, and before any discovery has taken place.  Furthermore, the motion consists of a mishmash of arguments that are not ordered, lack explanation and analysis, and are often unsupported by legal authority.  Most notably, the motion fails to provide me with the basis for

4

its request as to each claim, nor does it provide me with any applicable standard of review.

As to Plaintiff's discrimination claims, however, it appears that AXL is asserting that Plaintiff cannot make out her Title VII *prima facie* case of gender discrimination.  AXL is not arguing that these claims should be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(1), or for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  Instead, it appears that AXL seeks summary judgment in its favor, under Fed. R. Civ. P. 56.  Moreover, I note that AXL has provided affidavits and documentary evidence in support of its argument that Plaintiff has not made out her *prima facie* employment discrimination claim.  *See generally* Fed. R. Civ. P. 12(d)(on a motion under Rule 12(b)(6) or 12(c), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). As such, I construe AXL's argument as a request for entry of summary judgment.

When deciding a motion under Rule 56, summary judgment shall be granted for the movant if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  The non-moving party has the burden of showing that there are issues of material fact to be determined.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial.

5

*Celotex v. Catrett, supra*, 477 U.S. at 323; *see also Anderson v. Liberty Lobby, supra*, 477 U.S. at 250 (noting that the operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict).   However, summary judgment should not enter if, viewing the evidence in a light most favorable to the plaintiff and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for the plaintiff. *Celotex v. Catrett, supra*, 477 U.S. at 252; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

To establish a *prima facie* case when the plaintiff's employment was allegedly terminated based on her pregnancy, childbirth, or related medical conditions, the plaintiff must show that:  "(1) she is within the protected class; (2) she was doing satisfactory work; (3) she was discharged; and (4) her position remained open and was ultimately filled by a nonpregnant employee." *Been v. New Mexico, supra,* 815 F.Supp.2d at 1235 (*citing Atchley v. Nordam, supra,* 180 F.3d at 1148).  At the *prima facie* stage, a plaintiff's burden is "one of production, not persuasion; it can involve no credibility assessment." *Plotke v. White,* 405 F.3d 1092, 1099 (10th Cir. 2005); *see also Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005).   In addition, the burden of establishing a *prima facie* case is not onerous. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) .

As an initial matter, I first address AXL's assertion that, under the undisputed facts, Plaintiff was not terminated and, as such, did not suffer an adverse employment action.  To establish adverse employment action, a plaintiff must show that the defendant's conduct caused a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in

benefits." *Piercy v. Maketa*, 480 F.3d 1192,1203 (10th Cir. 2007)(*citing Hillig v. Rumsfeld*, 381 F.3d 1028, 1032–33 (10th Cir. 2004)).  While the Tenth Circuit liberally defines "adverse employment action," it excludes actions "that merely have a *de minimis impact.*"  *Hillig v. Rumsfeld, supra*, 381 F.3d at 1032–33.

AXL argues that although Plaintiff was not offered a 2011/12 school year contract to teach at the same grade and class (a class of 1st or 2nd grade girls), she was still offered a contract to teach, but was merely "re-assigned" to teach 3rd grade boys, which she voluntarily declined to accept.  Plaintiff disputes this characterization of the facts.  She asserts that she was told that she would not be given a contract for the same class because she had "let her class down" based on their test scores, and because she was "not a good fit" to teach at AXL.  She asserts that she was only allowed to finish the 2010/11 school year because she was told that her class had already had "enough disruptions" based, presumably, on her absence during her maternity leave.  Moreover, although Ms. Phillippon indicated that she might consider placing Plaintiff in the 3rd grade boys class position, she was never offered a contract for that position.  Even if she was offered that position, Plaintiff maintains that it would have constituted a demotion for her in that she is only licensed to teach up to third grade, and thus she could not be the lead teacher that "looped" with the boys' class in order to teach them again in fourth grade.  As such, I agree with Plaintiff that a material issue of genuine facts exists as to whether she suffered an adverse employment action.  *See generally Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1178 (10th Cir. 1999); *Roberts v. Roadway Express, Inc.,* 149 F.3d 1098, 1104 (10th Cir.1998)(ruling that the plaintiff suffered adverse employment action when the defendant terminated him, as "actions such as suspensions or terminations are by their nature adverse, even

if subsequently withdrawn").

AXL further asserts that even if a reasonable fact finder could conclude that Plaintiff was subjected to an adverse employment action, she still cannot meet her *prima facie* burden because she has not alleged and can show no evidence that she was treated differently than a "non-pregnant but similarly situated employee."  *See generally Fejes v. Gilpin Ventures, Inc.*, 960 F.Supp. 1487, 1490 (D.Colo.1997)(a *prima facie* case for gender discrimination based on pregnancy includes a demonstration that the plaintiff  "was treated less favorably than another nonpregnant employee under similar conditions")(citations omitted).

However, I disagree with AXL that Plaintiff is required to show disparate treatment among similarly situated individuals in order to make out her *prima facie* case.  In *Been v. New Mexico, supra,* the district court noted that – that the Tenth Circuit has " has squarely held that such 'comparison evidence' is not necessary to establish a *prima facie* case . . . [r]ather, for the fourth prong of the test, a plaintiff need only show that her position remained open and was ultimately filled by a non-pregnant employee."  *Id.*  815 F. Supp. 2d at 1235.  Specifically, the district court relied on *Dodd v. Riverside Health Sys., Inc.*, 76 F.3d 392, 1996 WL 29246 (10th Cir. 1996)(unpublished), in which the Tenth Circuit unequivocally held that the district court adopted an overly narrow formulation of what is necessary to make out a *prima facie* case – when requiring the plaintiff to present evidence that a nonpregnant employee had been treated more favorably – as the fourth prong required proof either that "her position remained open and was ultimately filled by a nonpregnant employee, *or* that the discharge occurred in other circumstances giving rise to an inference of unlawful discrimination, such as evidence that the employer treated plaintiff differently than similarly situated nonpregnant employees."  *Id.* at FN3

8

(emphasis added); *see also Atchley v. Nordam Group, supra*, 180 F.3d at 1148 (stating that the applicable fourth prong of a *prima facie* case in a pregnancy discrimination claim, in that case, was that a plaintiff's "position remained open and was ultimately filled by a nonpregnant employee"); *E.E.O.C. v. Professional Bureau of Collections of Maryland, Inc.,* 686 F.Supp.2d 1151, 1156 (D. Colo. 2010)(same).

As a result, in order to meet the fourth prong of her *prima facie* case, Plaintiff is not required to provide "comparison evidence" – contrary to AXL's argument here – but rather must provide evidence that:  1) her position remained open and was ultimately filled by a nonpregnant employee, or 2) that the discharge occurred in other circumstances giving rise to an inference of unlawful discrimination.  Plaintiff argues that she has presented evidence that the treatment she received from AXL prior to and during her maternity leave, after she returned, when she was discharged/not offered a contract in April 2011, and during the remainder of the 2010/2011 school year, constituted circumstances giving rise to an inference of gender discrimination based on her pregnancy sufficient to met her *prima facie* case burden.  I agree.  Therefore, AXL is not entitled to summary judgment, pursuant to Fed. R. Civ. P. 56(c), on Plaintiff's employment discrimination claims under Title VII and the CADA.

### III.  FMLA CLAIMS

AXL also seeks dismissal of Plaintiff's FMLA claims – for Interference and Retaliation – because the FMLA only provides a cause of action for an "eligible employee," which is specifically defined to not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees . . .".  29 U.S.C. § 2611(2)(B)(ii).  In its motion, AXL provides an affidavit from Dr. Phillippon indicating that AXL has never employed

more that 37 employees.  In addition, in its reply, AXL notes that its number of employees at AXL is readily discernable from public records, and further provides payroll records and an affidavit from AXL's Chief Financial Officer affirming that AXL has always employed less than 50 people.  As a result, AXL asserts that it is undisputed that Plaintiff is not an eligible employee, and that the FMLA does not provide her with a cause of action as a matter of law.

It is again unclear what basis AXL seeks dismissal of the FMLA claims.  First, to the extent AXL seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1), I note that when the jurisdictional claims and the merits of a case are intertwined, the issues should not be resolved under Fed.R.Civ.P. 12(b)(1), but under either Fed.R.Civ.P. 12(b)(6) or Fed.R.Civ.P. 56.  *Wheeler v. Hurdman*, 825 F.2d 257, 258-59 (10th Cir. 1987); *see also Arvidson v. Wallace, Saundes, Austin, Brown & Enochs, Chartered*, 2005 WL 2589195, 2 (D.Kan. 2005)(unpublished) (concluding that a plaintiff's "eligible employee" status under the FMLA is both a jurisdictional issue and an element of the plaintiff's FMLA claims).  In addition, the Tenth Circuit has ruled that the question of an employee's failure to qualify as an "eligible employee" does deprive this court of subject matter jurisdiction.  *Hackworth v. Progressive Casualty Ins. Co.*, 468 F.3d 722, 726 (10th Cir. 2006)(citations omitted).

AXL also does not contend that Plaintiff failed to state an FMLA claim of either Interference or Retaliation under Fed. R. Civ. P. 12(b)(6).  Rather, it asserts that Plaintiff cannot provide evidence in support of her FMLA eligibility and, thus, I construe its argument as seeking summary judgment in its favor pursuant to Rule 56(c).  *See Jones v. Denver Public Schools,* 427 F.3d 1315, 1319 (10th Cir. 2005)(ruling that in order to prevail on an FMLA inference claim, the plaintiff must show that he or she was eligible for such leave); *see also Teufel v. Sharpshooter*

10

*Spectrum Venture LLC,* 2012 WL 161820 (D. Colo. 2012)(unpublished)(ruling that summary judgment was appropriate when the plaintiff failed to show a genuine dispute of material fact as to whether he was eligible for FMLA leave – as an essential element to his claim – based on the fact that the defendant employed less that 50 people).  And, again, AXL has provided affidavits and documentary evidence in support of its argument that Plaintiff is not an "eligible employee" entitled to bring FMLA claims, rendering its request one for summary judgment under Fed. R. Civ. P. 56.  *See generally* Fed. R. Civ. P.  12(d).

Plaintiff first asserts, in response to the motion, that AXL is equitably estopped from arguing that the FMLA is not available to her "due to its own admissions and promises."  Plaintiff maintains that AXL readily admits that it offers "Family and Medical Leave" to its employees and, in so doing, that it "voluntarily follows FMLA guidelines" for such leave.  In its employee handbook, AXL provides that an employee "may take up to a total of 12 weeks of unpaid Family and Medical leave during the academic year" and that such leave "may be used for . . . the birth and care of an employee's child."

Plaintiff avers that at an informational meeting in July 2010 "we discussed AXL's allowance of 'Family Leave' as described in the Handbook."  She further asserts that AXL never told her that it was not subject to the FMLA or that she was ineligible for FMLA leave or for her requested maternity leave.  Thus, Plaintiff concludes in her affidavit that:

> Because of the information meeting in July 2010, the statements contained in AXL's Handbook, AXL granting my request for maternity leave, my own knowledge regarding the FMLA, and the numerous conversations I had with my AXL superiors regarding my leave, I believed that I had the right to take maternity leave and that AXL should not terminate me as a result of doing so. [Doc # 8, Ex. A, ¶ 12]

Plaintiff admits that the Tenth Circuit has not addressed whether equitable estoppel applies to FMLA actions, but notes that it has recognized that other courts have adopted its application in *Banks v. Armed Forces Bank,* 126 Fed.Appx. 905, 2005 WL 699295 (10th Cir. 2005)(unpublished).  In that case, the Tenth Circuit acknowledged that employers in other jurisdictions may be equitably estopped from denying employees FMLA benefits, under certain circumstances, citing *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 493-94 (8th Cir. 2002) (applying equitable estoppel where employer guaranteed employee certain period of FMLA leave, and employee relied on the representation by not returning to work until after end date designated by employer); *Kosakow v. New Rochelle Radiology Assoc., P.C.*, 274 F.3d 706, 722-27 (2d Cir. 2001)(applying equitable estoppel to issue of employee's eligibility where employer did not notify employee that she must work 1,250 hours to be FMLA-eligible and employee could have worked the necessary hours before taking leave); *Woodford v. Comm. Action of Greene County, Inc.*, 268 F.3d 51, 57 (2d Cir. 2001)(discussing, in *dicta*, potential availability of equitable estoppel); *Dormeyer v. Comerica Bank-Ill.*, 223 F.3d 579, 582 (7th Cir. 2000)(same).  Plaintiff argues that I should apply the doctrine of equitable estoppel, under the circumstances presented here, and find genuine issues of material fact as to whether AXL is estopped from arguing that the FMLA is not applicable because Plaintiff does not met the definition of an eligible employee.

However, even accepting that Plaintiff subjectively believed that AXL was an employer governed by the FMLA, and that she was entitled to such leave, I conclude that the facts are not sufficient to invoke the doctrine of equitable estoppel.  Plaintiff does not assert that AXL affirmatively represented to her that it was subjected to the FMLA; rather, her allegations are

12

only that it represented that its leave policy related to her pregnancy was consisted with that provided by the FMLA.  Because Plaintiff does not assert that AXL made any positive representation or misrepresentation to her regarding her eligibility under the FMLA, but rather only indicated its leave policy was consistent with the given by the FMLA,  I conclude that Plaintiff cannot argue that she is entitled to bring FMLA-based claims against AXL by application of equitable estoppel.

However, I agree with Plaintiff's alternative argument that I should exercise my discretion to deny AXL's motion seeking to dismiss her FMLA claims at this time, and instead provide her an opportunity to conduct discovery on the issue of how many employees were employed by AXL in July 2010, pursuant to Fed. R. Civ. P. 56(d).  Rule 56(d) – formerly Fed. R. Civ. P. 56(f) – provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  Plaintiff  contends that she cannot present facts essential to oppose this motion, regarding her eligibility to FMLA benefits, because the facts concerning how many employees AXL employed at that time "is solely and particularly within the control of AXL."

I conclude that Plaintiff  has met her burden under Rule 56(d), in that she has set forth the probable facts not available, why those facts cannot be presented currently, the steps taken to obtain those facts, and how additional time will allow her to obtain the facts necessary to oppose – if she can – entry of summary judgment.  *See* Fed. R. Civ. P. 56(d); *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007).  Under the circumstances presented here, in

13

which AXL's motion was filed before it answered Plaintiff's complaint and prior to any

exchange of discovery, and when the information is clearly within the control of AXL, I exercise

my discretion to conclude that it is appropriate to deny AXL's motion for summary judgment as

to Plaintiff's FMLA claims, at this time, in order to allow time for discovery on the issue of how

many employees were employed by AXL in July 2010, pursuant to Fed. R. Civ. P. 56(d).

## IV. WORKPLACE ACCOMMODATIONS FOR NURSING MOTHERS ACT

In her Fifth Claim for Relief, Plaintiff asserts a claim against AXL pursuant to

Colorado's Workplace Accommodations for Nursing Mothers Act – known as WANMA –

which provides, in relevant part, that "[a] employer shall provide reasonable unpaid break time

or permit an employee to use paid break time, meal time, or both, each day to allow the

employee to express breast milk for her nursing child for up to two years after the child's birth."

Colo. Rev. Stat. § 8-13.5-104(1).  AXL seeks dismissal of this claim on the basis that Plaintiff

failed to comply with WANMA's nonbinding mediation requirement; specifically, the

requirement that: "[b]efore an employee may seek litigation for a violation of this section, there

shall be nonbinding mediation between the employer and the employee."  Colo. Rev. Stat.

§8-13.5-104(5).

Plaintiff argues that AXL was provided an opportunity to mediate this case, after she

filed her underlying charge of discrimination with the Colorado Civil Right Division, but that it

"refused" to do so.  [Doc # 8, Ex. A, ¶21]  As such, she maintains that any further efforts by her

to engage in mediation with AXL would be futile.  *See Hiller v. Oklahoma ex rel. Used Motor*

*and Parts Comm'n*, 327 F.3d 1247, 1251-52 (10th Cir. 2003)(finding that the failure to obtain a

right to sue letter, as a condition precedent to suit, did not warrant dismissal when the plaintiff's

14

attempts were futile); *Rice v. Kansas,* 2011 WL 2078752 (D.Kan. 2011)(unpublished)(denying

summary judgment in favor of the defendant, for failure to exhaust administrative remedies,

when it would work an injustice "to deprive [plaintiff] of a remedy for failure to meet a non-

jurisdictional requirement that is beyond her control").  In response, AXL avers that "[a]t no

time has AXL received a communication from Plaintiff or an administrative agency asking it to

mediate," but rather that it chose not to affirmatively seek mediation when given the opportunity

to do so at the time Plaintiff filed her charge of discrimination.  AXL further argues that by

mandating that the parties engage in mediation "[b]efore *an employee* may seek litigation,"

WANMA places the burden on the employee to, at the least, seek out or request mediation

before filing a WANMA claim in court.  Colo. Rev. Stat. § 8-13.5-104(5)(emphasis added).

Neither party has provided me, nor had my independent research revealed, authority

applying or interpreting this provision of WANMA.  However, it is undisputed that the parties

here have not engaged in nonbinding mediation, as required by the statute as a prerequisite for

Plaintiff to bring this claim. Therefore, I will dismiss this claim, without prejudice, for failure to

exhaust administrative remedies.  *See e.g. Strozier v. Potter*, 71 Fed.Appx. 802, 2003 WL

21783813 (10th Cir. 2003)(unpublished)(holding that because a dismissal for failure to exhaust

remedies prior to filing Title VII action constitutes a dismissal for lack of subject matter

jurisdiction, under Fed. R. Civ. P. 12(b)(1), the employee was entitled to dismissal *without*

prejudice).

### V. WRONGFUL DISCHARGE

Finally, Plaintiff asserts that she was wrongfully discharged by AXL for exercising her

rights under the various statutes at issue here – namely, the FMLA, Title VII, the CADA, and the

WANMA – in violation of public policy under Colorado common law.

A plaintiff may state a claim for wrongful/retaliatory discharge in violation of public policy by alleging that: (1) she was employed by the defendant; (2) the defendant discharged her; and (3) the defendant discharged her "in retaliation for exercising a job-related right or performing a specific statutory duty, or that the termination would undermine a clearly expressed public policy." *Kearl v. Portage Environmental, Inc.,* 205 P.3d 496, 499 (Colo. App. 2008) (*citing Martin Marietta Corp. v. Lorenz,* 823 P.2d 100, 109 (Colo. 1992)).

AXL argues that this claim should be dismissed on the basis that it "fails to state a competent legal cause of action" because the statutes allegedly violated by AXL provide her with statutory forms of relief. Because Plaintiff has alleged substantive statutory claims, as provided under the FMLA, Title VII, the CADA and the WANMA, AXL asserts that the common law tort claim of wrongful discharge fails to state a claim for relief separate from Plaintiff's other claims. *See Caspar v. Lucent Technologies, Inc.,* 280 F.Supp.2d 1246, 1249 (D.Colo. 2003)(ruling that Colorado courts have expressly disallowed application of a wrongful discharge in violation of public policy claim where a statute provides a wrongful discharge remedy)(*citing Martin Marietta v. Lorenz, supra,* 823 P.2d at FN5; *Gamble v. Levitz Furniture Co of the Midwest, Inc.,* 759 P.2d 761, 765 (Colo. App. 1988); *Corbin v. Sinclair,* 684 P.2d 265, 267 (Colo. App. 1984)).

In her response to the motion, Plaintiff does not challenge AXL's argument that her common law tort claim of wrongful discharge fails to state a claim for relief separate from her other statutory claims. Rather, she argues that her wrongful discharge claim is raised "in the alternative" to her statutory claims and, as such, she maintains that "[t]o the extent the Court

16

finds that any of her statutory claim are unavailable to her, she would seek recovery pursuant to this common law theory" of wrongful discharge.

As an initial matter, I note that my review of Plaintiff's complaint fails to demonstrate that she asserts her tort-based wrongful termination claim *in the alternative* to her statutory claims. [Doc # 1]  However, such failure is not fatal as her complaint may be amended under Fed. R. Civ. P. 15 (allowing for the amendment of a pleading under certain circumstances). Additionally, although I have dismissed her claim under WANMA, I have done so without prejudice, and my review of  WANMA, which was enacted in 2008, does not provide a statutory means for relief when it is found to be violated.  As such, a WANMA claim would not serve to preempt a common law wrongful discharge claim.   *See* 1B Colo. Practice Series §19:10 (indicating that an employee who is terminated for exercising her right to avail herself of the WANMA "will presumably have a claim for wrongful discharge against her employer"). Finally, I note that the law may allow a wrongful discharge claim based on violations of the CADA.  *See e.g. Kennedy v. Colorado RS, LLC,*  872 F.Supp.2d 1146, 1149 (D.Colo. 2012)(concluding that while the general rule is that wrongful discharge claims are unavailable when premised on a statute that provides a remedy, wrongful discharge claims premised on the CADA are an exception to the general rule).   Therefore, I will deny AXL's request to dismiss Plaintiff's tort-based claim for Wrongful Discharge, in violation of public policy under Colorado common law, on the basis that it fails to request  relief separate from her other statutory claims.

ACCORDINGLY, I GRANT IN PART and DENY IN PART the Motion to Dismiss and for Summary Judgment [**Doc # 5**] filed by Defendant, as follows:

1) I DENY the Motion as to Plaintiff's First Claim For Relief – for Sex Discrimination in violation of Title VII– and as to Plaintiff's Second Claim for Relief – for Sex Discrimination in violation of the Colorado Anti-Discrimination Act – pursuant to Fed. R. Civ. P. 56;

2) At this time, I DENY the Motion as to Plaintiff's Third Claim For Relief – for violation of FMLA by Interference – and as to Plaintiff's Fourth Claim For Relief – for violation of FMLA by Retaliation –  pursuant to Fed. R. Civ. P. 56(d), on the basis that Plaintiff is entitled to discovery on the issue of whether she is an eligible employee entitled to bring FMLA claims;

3) I GRANT the Motion as to Plaintiff's Fifth Claim For Relief – for violation of Colorado's Workplace Accommodations for Nursing Mothers Act – and, as such, I DISMISS THIS CLAIM, WITHOUT PREJUDICE, for failure to exhaust administrative remedies, pursuant to Fed. R. Civ. P. 12(b)(1); and

4) I DENY the Motion as to Plaintiff's Sixth Claim For Relief – seeking relief for Wrongful Discharge.

Dated: March __7__, 2013 in Denver, Colorado.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE